*By the Court.
It is air important circumstance in the present case, that the town of Baltimore possessed [*426 no mayor, or chief magistrate in 1779. The words of the act are “ before any mayor, chief magistrate or officer of the cities, “towns or places, where the deed was made,” &c. If it should even be admitted, that the terms of the law have not been liter *426 ally pursued, the acknowledgment is the same in substance, as if it had been taken by any mayor, &c. The Supreme Court has received in evidence the records of courts in North Carolina and Georgia, without public seals, where it has been proved, that none such existed. Under the circumstances of this case, we do not feel ourselves authorized to refuse the deed in evidence, though we do not deem it necessary to express any opinion of its legal operation.
The plaintiff’s counsel excepted to the opinion of the court; but some difficulties arising, concerning the time when William Neil died, and the improvements made on the premises since, concerning which the counsel were not prepared with testimony, it was mutually agreed, that the jury should be discharged without giving a verdict.
This cause came on again to trial on the 17th November 1803, together with another suit, between the same plaintiff and Thomas Feree and Robert Cameron, depending on the same title. To the certificates before produced by the defendant, annexed to the deed objected to be received in evidence, another certificate was added by Ninian Pinckney, esq., clerk of the Executive Council of Maryland, under the great seal of the state, dated 8th November 1802, certifying, that in the year 1779, there were no magistrates or peace officers in Baltimore county, superior to James Calhoon and Peter Shepherd, esqrs.
The argument respecting the admission of the deed from Neil and wife to Todd, was again fully gone into; .and Yeates, J. delivered the opinion of the court, to the following effect:
We are bound to construe the law of 24th P'ebruary 1770, according to the true intention of the legislature. The act of 1715, respects the proving of deeds out of the state; that of 1770 the acknowledgment of deeds, granting the estates of femes covert. The words of the latter law, must be construed, red-dendo singida singulis. “Mayor” refers to “cities,” “chief magistrate” to “towns,” “officers” to “places.” What definite idea have we of places as contradistinguished from cities and towns, unless the term embraces such a case as the present ? Must they *necessarily relate to corporations ? It cannot *427] be supposed, that a public seal is necessary, where there is no such thing. The law intended to facilitate the transfers of lands out of the state. But if the plaintiff’s doctrine obtains, no deeds executed out of the state can be put on record unless made in a corporate place, or acknowledged or proved within the state. Necessity must justify the acts it imposes. The vendee has done all he could be reasonably expected to do. Extracts of records of courts, which have no public seals, have been given in evidence repeatedly and without hesitation.
On the whole, we see no reason to alter the opinion we de *427 livered on the former trial, but adhere thereto, by allowing the deed to be given in evidence to the jury.
The plaintiff’s counsel then tendered a bill of exceptions, which the court sealed, and the jury gave their verdicts for the defendants.